UNITED STATES of America, by Nicholas deB. KATZENBACH, Attorney General, Plaintiff,

v.

CHOCTAW COUNTY BOARD OF EDUCATION, Clyde Mahaffey, Dr. Roy Cowan, Jack Adams, Thomas Lee Allen, J. D. Norton, Jr., Member of the Choctaw County Board of Education, and W. M. Wimberley, Superintendent of Education for Choctaw County, Defendants.

Civ. A. No. 4246–66.

United States District Court
S. D. Alabama, S. D.

Sept. 3, 1966.

John Doar, Asst. Atty. Gen., Department of Justice, Washington, D. C., Charles W. Quaintance, Department of Justice, Selma, Ala., Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for plaintiff.

J. Edward Thornton, Mobile, Ala., John Christopher, Butler, Ala., for defendant.

## ORDER GRANTING PRELIMINARY INJUNCTION

PITTMAN, District Judge.

This cause came on to be heard this the 3rd day of September, 1966, in pursuance of a petition filed by the United States against Choctaw County Board of Education, et al., and in further pursuance of an Order of this Court denying the United States a Temporary Restraining Order before a hearing, and an Order of this Court setting a hearing on this Motion for a Preliminary Injunction on this date, with notices to be given to all parties and their attorneys of records.

This decision and Order does not purport to nor is it intended to decide the issues popularly known as the "HEW Guidelines."

This case involves a totally segregated dual school system, one for the white people and one for the Negro people. Such a segregated dual system was declared to be a denial of equal protection of the law in 1954.

Desegregation of public schools in America in 1966 is an established legal and historical fact, just as Social Security, TVA, and federal insurance of banking and savings deposits are legal and historical facts.

This fact in American life was apparently recognized by the Choctaw County Board of Education, et al., in their desegregation steps taken in the school year 1965–66, and by the further steps taken by them under their plan, which effected the acceptance of 142 Negroes to be assigned to schools which had been all-white prior to 1966. A law passed by the Alabama Legislature, popularly called "Freedom of Choice", was effectively used to implement these changes in January 1966 and for the school year 1966–67. But on August 25, 1966 there was a revocation by the Choctaw County School Board, et al., of all Negro assignments to all-white public schools (prior to 1966). This revocation reestablished a totally segregated dual school system.

The Court recognizes, and only the unrealistic or the hardhearted would fail to so recognize, the emotional impact on the communities of Choctaw County by the changing of long-standing legal, cultural traditions and patterns. The voluntary Choctaw County Board plan by which 142 Negro students were to be assigned to white schools appears to be an honest endeavor on their part to meet the challenge of living under the law by proper application of the United States Constitutional Law and Alabama law, the "Freedom of Choice" statute.

This Court must face its obligations to the majority of all American citizens by requiring the Choctaw County Board plan to be fulfilled. This Court cannot fail to note, should this Court deny the desegregation of the Choctaw County School System, the emotional impact on the American Negro citizens and these 142 Negroes whose hopes and aspirations have been lifted by previous court decisions requiring desegregation and by the implementation of these decisions by other schools throughout Alabama and the nation.

By the Choctaw County Board and the other parties to this suit giving prompt, dignified and responsible compliance with the orders of this Court as hereinafter set out, they will set the example to others to respond in a similar manner when they are called upon to obey the law and maintain order when the law cuts against the grain with them. At one time or another the law cuts against the grain with most of us. However in America, most of us agree most of the time with most of the laws. If this was not the case, you can be sure under our system, the law would be changed.

In open Court this date, in presence of all parties and their attorneys of record, and after the taking of evidence in this cause, this Court finds as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case was instituted by the United States pursuant to Section 407(a) of the Civil Rights Act of 1964. The petition alleged, inter alia, that the Choctaw County Board of Education, et al., operated a dual segregated school system prior to January 1966. The evidence at the hearing established without dispute that no Negroes had ever attended a white school prior to that time.

■■ Pursuant to a plan passed and adopted voluntarily and without a Court Order, an honest endeavor to implement the United States Constitutional Law requiring a desegregation of public school systems and implementing that decision by a law passed by the legislature of Alabama, the "Freedom of Choice" statute, initial steps were taken and 17 Negro students were assigned and attended previously all-white schools in the spring term 1966. In furtherance of the Choctaw County Board's voluntary plan, 142 would have been assigned to schools which had been all-white prior to January 1966 for the school year beginning August 29, 1966. On August 25, 1966, the Board revoked its voluntary plan and mailed on the following day notices to these 142 Negro students that they were all being reassigned to all-Negro schools.

School commenced on August 29, 1966 in Choctaw County and it has been established that as of today only Negroes attend Negro schools and only whites attend white schools thereby reestablishing a segregated dual school system in Choctaw County in the same pattern that existed prior to January 1966.

Twelve years have passed since the United States Supreme Court decreed that separate but equal schools are inherently unequal. Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954). The eradication of the pattern of segregated school systems was to be performed with "deliberate speed." The United States Court of Appeals for the Fifth Circuit has made it clear that the inaction of local school boards in the face of this clear mandate for change must be implemented by action to comply with United States Constitutional Law.

Another (reason) is that appellate court requirements have grown more exacting as time has passed, and during the last eighteen months pronouncements of this court have interpreted the Supreme Court's interim decisions as requiring considerably greater measures of desegregation. * * * It must also be borne in mind that this school board (Mobile County, Alabama) ignored for nine years the requirement clearly stated in Brown that the School authorities have the primary responsibility for solving this constitutional problem." Davis et al. v. Board of School Comm'rs., U. S.

Court of Appeals, 5th Cir., 364 F.2d 896, August 16, 1966.

On August 30, 1966 the same Court of Appeals held that a sister county, Wilcox County, must desegregate this Fall term 1966–67, United States v. Wilcox County Board of Education, et al., Case No. 23982. Wilcox County did not have a proposed plan much less an operating plan such as the Choctaw County Board.

This Court finds that before January, 1966, the faculties of the Choctaw County system operated on a segregated dual basis. Only white teachers in white schools and only Negro teachers in Negro schools. Since January 1966 there have been desegregated faculty meetings and meetings of teachers on mutual school problems in Choctaw County. The Choctaw County Board had approved a desegregated staff plan prior to August 25, 1966 as follows:

A. Steps shall be taken beginning with school year 1965–66 toward elimination of segregation of teaching and staff personnel based on race, color, or national origin as set forth in Attachment C.

B. The race, color, or national origin of pupils will not be a factor in the initial assignment to a particular school or within a school of teachers, administrators or other employees who serve pupils, beginning in 1967–68.

C. This school system will not demote or refuse to reemploy principals, teachers and other staff members who serve pupils, on the basis of race, color, or national origin.

This plan was revoked on August 25, 1966. It is noted that this plan set steps by which race, color, or national origin will not be a factor in the initial assignment to a particular school beginning 1967–68.

In accordance with the above Findings of Fact and Conclusions of Law it is hereby

■ Ordered, adjudged, and decreed that the Choctaw County Board of Education and other defendants, their agents, officers, employees, successors and all others in active concert or participation with them shall be enjoined, until the further Order of the Court, from:

1. Continuing to operate a compulsory bi-racial school system in Choctaw County, Alabama;

2. Making initial assignments, enrolling new students or transferring pupils to the public schools of Choctaw County, Alabama, on the basis of race or color;

3. Failing to carry out the staff desegregation plan of the Choctaw County Board voluntary plan, IX, Parts A, B, and C, as hereinbefore set out in the Findings of Fact.

4. Taking any action with respect to the operation and administration of the Choctaw County Schools designed to perpetuate, maintain and support schools segregated on a racial basis.

5. Refusing to give immediate permission to enroll and attend the school of their choice, according to the Board Plan adopted January 26, 1966, to any one of the 142 Negro students who chose to attend in 1966–67 a school which prior to January, 1966, was all white, and who present themselves for admission on or before September 23, 1966.

The Court specifically retains jurisdiction of the parties and the cause.

The Clerk is directed to forthwith mail copies of this order and decree to the attorneys of record for all parties, and the Marshal to forthwith serve a copy upon the attorney for the defendants.